MYERS, J.,
for the court.
¶ 1. Kevin Vaughn was tried for aggravated assault before the Circuit Court of Rankin County on March 6, 2002. On that day, the jury returned a verdict of guilty. Two days later, the trial judge sentenced Vaughn to serve twelve years in the custody of the Mississippi Department of Corrections. Vaughn moved for a new trial and for a judgment notwithstanding the verdict. The trial court denied his motion, and Vaughn now appeals to this Court, raising the following issues:
I. WHETHER THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN NOT GRANTING A JURY INSTRUCTION FOR SIMPLE ASSAULT.
II. WHETHER THE TRIAL COURT ERRED IN NOT DIRECTING A VERDICT IN FAVOR OF VAUGHN, OR IN THE ALTERNATIVE, A JUDGMENT NOTWITHSTANDING THE VERDICT.
FACTS
¶ 2. On May 28, 2001, Vaughn attended a family barbecue at the home of his ex-girlfriend, Tonya Washington. Apparently, Vaughn was not an invited guest. Vaughn approached Washington about renewing their relationship. It is not clear what happened next. Either Washington or Vaughn produced a knife, and began attacking the other. Washington was stabbed in the neck and arm, and the top of Vaughn’s head was cut.
¶ 3. Washington later testified Vaughn became angry when she refused his romantic advances and he then produced a butcher knife. Several other witnesses supported her testimony. According to Vaughn, though, it was Washington who produced a knife. He alleges that she cut him and members of her family converged on him, forcing him to leave the premises.
¶ 4. The jury, after considering the evidence, returned a verdict of guilty. The trial judge sentenced Vaughn to twelve years in prison.
LEGAL ANALYSIS
I. WHETHER THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN NOT GRANTING A JURY IN *553 STRUCTION FOR SIMPLE ASSAULT.
¶ 5. Vaughn believes he was entitled to have his proposed jury instruction D-7 submitted to the jury. This instruction would have allowed the jury to return a verdict for simple assault. D-7 reads:
The court instructs the jury that if you find that the state has failed to prove any one of the essential elements of the crime of AGGRAVATED ASSAULT, you must find the defendant not guilty. You will then proceed with your deliberations to decide whether the state has proved beyond a reasonable doubt all the elements of the lesser crime of SIMPLE ASSAULT. If warranted by the evidence, you may find the defendant guilty of a crime lesser than AGGRAVATED ASSAULT. However, notwithstanding that right, it is your duty to accept the law as given to you by the court. If the facts and the law warrant a conviction for the crime of AGGRAVATED ASSAULT, then it is your duty to make such a finding, uninfluenced by your power to find a lesser offense. This provision is not designed to relieve you from the performance of an unpleasant duty. It is included to prevent a failure of justice if the evidence fails to prove the original charge, but does justify a verdict for SIMPLE ASSAULT.
SIMPLE ASSAULT is defined as an a attempt to cause or purposely, knowingly or recklessly causes bodily injury to another.
¶ 6. “A defendant is entitled to have jury instructions given which present his theory of the case, however, this entitlement is limited in that the court may refuse an instruction which incorrectly states the law, is covered fairly elsewhere in the instructions, or is without foundation in the evidence.” Humphrey v. State, 759 So.2d 368, 380(¶ 33) (Miss.2000) (emphasis added). It is the last provision that causes Vaughn’s proposed instruction to fail.
¶ 7. The evidence presented by the State showed that Vaughn showed up unexpectedly and attacked Washington after she rejected him. The evidence presented by Vaughn naturally painted a different picture. Vaughn claims Washington’s mother invited him to the Washington house to serve as a cook at a barbecue. He alleges that after he was through cooking, Washington called him over to talk and indicated she wanted to whisper something to him. He claims that when he leaned over to hear her, Washington tried to stab him, but only succeeded in cutting his head. He testified that he did not try to use force to defend himself. According to Vaughn, when he could finally escape from Washington, he fled to his sister’s house. In short, no evidence would support the simple assault instruction. Refusing to grant the instruction was not an error.
II. WHETHER THE TRIAL COURT ERRED IN NOT DIRECTING A VERDICT IN FAVOR OF VAUGHN, OR IN THE ALTERNATIVE, A JUDGMENT NOTWITHSTANDING THE VERDICT.
¶ 8. Although Vaughn phrases his issue differently, he is challenging the sufficiency of the evidence. Bingham v. State, 723 So.2d 1193, 1195(116) (Miss.Ct.App.1998). Reviewing both the denial of the directed verdict and the denial of a JNOV requires us to examine the evidence presented in the light most favorable to the State. If a reasonable juror could not have found Vaughn guilty beyond a reasonable doubt, then we must find that it was error not to have granted either a directed verdict or a JNOV. Id. at (¶¶ 7-8).
*554 ¶ 9. We have already summarized the evidence presented during the trial. Four different witnesses corroborated the State’s evidence, including Washington. Vaughn was the only witness to relate a different story. As such, it was very possible for a reasonable juror to find Vaughn guilty. We find that Vaughn’s second issue has no merit.
If 10. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF TWELVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND GRIFFIS, JJ., CONCUR.